United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TRACEY RIVERS,** *et al.,* | Case No.: **14-CV-2594 YGR** |
| **Plaintiffs,** | **ORDER GRANTING MOTION TO REMAND** |
| v. | |
| **VEOLIA TRANSPORTATION SERVICES, INC.,** *et al.,* | |
| **Defendants.** | |

Plaintiff Tracey Rivers brings this action on behalf of himself and all others similarly situated as employees of Defendant Veolia Transportation Services, seeking relief for violations of the California Labor Code and the Business and Professions Code. (Compl. at 1.) Defendant Veolia removed the action from Sonoma County Superior Court on June 5, 2014 based upon 28 U.S.C. section 1332, on the grounds that complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000. Now before the Court is Plaintiff's amended motion to remand, alleging that removal jurisdiction does not exist because Defendant has failed to show that the $75,000 amount in controversy requirement is satisfied.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** Plaintiff's Motion to Remand.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion suitable for resolution without oral argument. Accordingly, the Court **VACATES** the hearing set for **August 12, 2014.**

**BACKGROUND**

In this action, Plaintiff alleges that while he worked for Defendant as a Safety & Training Manager ("STM"), "[a]s a matter of company policy, practice, and procedure, VEOLIA uniformly, unlawfully, unfairly and/or deceptively classifies every STM as exempt from overtime pay and other related benefits, fails to pay the required overtime compensation and otherwise fails to comply with all applicable labor laws with respect to STMS." Plaintiff alleges further that "[was] not provided with overtime compensation and other benefits required by law as a result of being classified as 'exempt' by VEOLIA." (Compl. ¶ 10.)

On the basis of such allegations, Plaintiff brings the following claims: (1) Unfair Competition In Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*; (2) Failure To Pay Overtime Compensation In Violation of Cal. Lab. Code §§ 510, 1194, and 1198, *et seq.*; and (3) Failure To Provide Accurate Itemized Statements In Violation of Cal. Lab. Code § 226.

On June 5, 2014, Defendant removed this case to this Court pursuant to 28 U.S.C. section 1332 on the basis that complete diversity exists and the amount in controversy exceeds $75,000. In support of its Notice of Removal, Defendant submitted a declaration of Richard Mitchell (hereinafter "Mitchell Declaration"). Defendant assessed the value of Plaintiff's claims for overtime, meal periods and rest breaks as follows:

> • Meal periods and rest breaks: According to the Complaint, Plaintiff alleges: "DEFENDANT fails to provide all the legally required off-duty meal and rest breaks to the PLAINTIFF … . DEFENDANT does not have a policy or practice which provides meal and rest breaks to the PLAINTIFF … . As a result, DEFENDANT's failure to provide the PLAINTIFF … with legally required meal and rest breaks is evidenced by DEFENDANT's business records which contain no record of these breaks." (Complaint, ¶¶ 15, 24.) The Mitchell Declaration provides Plaintiff's hourly rates over the course of his employment in the relevant time period, and that Plaintiff typically worked 5 days a week for Veolia. (Mitchell Decl., ¶¶ 6-11.) Based on Plaintiff's Complaint and the Mitchell Declaration, Defendant calculated the amount in controversy for Plaintiff's meal period and rest break claims are each $30,557 for a total of $61,114.

> • Overtime: According to the Complaint, Plaintiff alleges he "has been regularly required to work in excess of eight (8) hours in a workday

and more than forty (40) hours in a workweek." (Complaint, ¶¶ 9, 24, 76.)  The Mitchell Declaration provides Plaintiff's hourly rates over the course of his employment in the relevant time period, and that Plaintiff worked between approximately two and four hours of alleged overtime per week.  (Mitchell Decl., ¶¶ 6-12.)  Based on Plaintiff's Complaint and the Mitchell Declaration, Defendant calculated the amount in controversy for Plaintiff's overtime claim, assuming Plaintiff conservatively worked just two hours of overtime each week (even though Mitchell attested that he worked up to four hours of overtime per week), as $18,344.

Plaintiff now moves to remand on the basis that Defendant has not shown that the $75,000 amount in controversy requirement is satisfied, and specifically disputes Defendant's calculations concerning overtime, meal period and rest breaks.  (Mot. at 3.)

## LEGAL STANDARD

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court.  28 U.S.C. § 1441.  District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states."  28 U.S.C. § 1332(a)(1).  A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure.  28 U.S.C. § 1447(c).  The removal statutes are construed restrictively, so as to limit removal jurisdiction.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c). There is a "strong presumption" against removal jurisdiction.  *Gaus v. Miles. Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  Doubts as to removability are resolved in favor of remanding the case to state court.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

When measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001

1  (C.D. Cal. 2002).  Section 1332(a)'s amount-in-controversy requirement excludes only "interest and

2  costs"; attorneys' fees may be included in the calculation.  *Guglielmino v. McKee Foods Corp.*, 506

3  F.3d 696, 700 (9th Cir. 2007).  "The ultimate inquiry is what amount is put 'in controversy' by the

4  plaintiff's complaint, not what a defendant will actually owe."  *Korn v. Polo Ralph Lauren Corp.*,

5  536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008); *Rippee v. Boston Market Corp*., 408 F.Supp.2d 982,

6  986 (S.D. Cal. 2005).  In order to determine whether the removing party has met its burden, a court

7  may consider the contents of the removal petition and "summary-judgment-type evidence" relevant

8  to the amount in controversy at the time of the removal.  *Valdez v. Allstate Ins. Co*., 372 F.3d 1115,

9  1117 (9th Cir. 2004).  A court may also consider supplemental evidence later proffered by the

10  removing defendant, which was not originally included in the removal notice. *Cohn v. Petsmart,*

11  *Inc.,* 281 F.3d 837, 840 n. 1 (9th Cir. 2002).  A court cannot base a finding of jurisdiction on a

12  defendant's speculation and conjecture; "[r]ather, a defendant must set forth the underlying facts

13  supporting its assertion that the amount in controversy exceeds the statutory minimum."  *Fong v.*

14  *Regis Corp*., 2014 WL 26996, at *2 (N.D. Cal. Jan. 2, 2014).

### ANALYSIS

16  Plaintiff's motion for remand is based solely upon his assertion that Defendant has not met

17  its burden of proof to establish that the case meets the amount in controversy requirement.  Plaintiff

18  specifically disputes Defendant's calculations relating to (1) overtime ($18,334), (2) meal breaks

19  ($30,557), and (3) rest breaks ($30,557).  Plaintiff does not dispute penalty costs in the amount of

20  $11,729.  The total amount in controversy as calculated by Defendants is $91,177 without

21  attorneys' fees.  (Not. of Removal ¶ 15.)

22  Where, as here, "the complaint does not specify the amount of damages sought, the

23  removing defendant must prove by a preponderance of the evidence that the amount in controversy

24  requirement has been met.  Under this burden, the defendant must provide evidence that it is more

25  likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount

26  requirement."  *Sanchez v. Res-Care, Inc.*, 2014 WL 807997 (C.D. Cal. Feb. 28, 2014) (citing

27  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (citations and internal

28  quotations omitted)).  Accordingly, the Court evaluates each of Defendant's calculations in turn.

United States District Court
Northern District of California

United States District Court
Northern District of California

**1. Overtime Calculation**

To valuate Plaintiff's overtime claim at $18,334, Defendant assumes that Plaintiff worked 2 hours of overtime per week.  For this proposition, Defendant cites to the Mitchell Declaration at Paragraph 12[2] which states "At most, if at all, Plaintiff worked between approximately 2 and 4 hours of alleged overtime per week, although he was exempt from the state overtime requirements as a manager."  (Mitchell Decl. ¶12.)  There is no further evidence supplied regarding overtime hours.

The Court finds Defendant's assumption that Plaintiff worked 2 hours of overtime per week to be speculative and unsupported.  Mitchell provides no explanation of how he arrived at his estimated overtime, nor does Mitchell provide any statement concerning the nature of the documents he reviewed such that it would be possible to infer that any documentary evidence formed the basis for his assumption concerning the quantity of Plaintiff's overtime.  Indeed, even as Mitchell attempts to quantify Plaintiff's overtime, he remains plainly skeptical about his estimates, prefacing his estimate with the phrase "[a]t most, if at all."  A plain reading of this averment shows that Mitchell himself disavows the overtime estimates he offers in his declaration.  For these reasons, the Mitchell Declaration fails to provide support sufficient to raise Defendant's calculation above a speculative level.

Nor does Defendant find support for its 2 hours per week overtime assumption in the Complaint.  In its Notice of Removal, Defendant cites to Complaint Paragraph 24, which states that Plaintiff claims he has been "regularly required to work in excess of eight (8) hours in a work day and more than forty (40) hours in a workweek."  That allegation, however, does not support Defendant's conclusion that such overtime occurred in the amount of 2 hours *every* week.  Taken on its own terms, a natural reading of the Complaint does not allege that Plaintiff incurred overtime every week, much less in any particular amount.

---

[2] Defendant's Notice of Removal erroneously cites Paragraph 15; there is no Paragraph 15.  The only paragraph relating to overtime in the Mitchell Declaration is Paragraph 12.  (Not. of Removal at 5.)

United States District Court
Northern District of California

1    Accordingly, the Court finds that Defendant has failed to show by a preponderance of the

2    evidence that Plaintiff's overtime amounted to 2 hours per week.[3]

3    **2.    Meal and Rest Break Calculation**

4    Defendant next asserts that the amount in controversy for Plaintiff's meal and rest break

5    claims amounts to a total of $61,114.  To arrive at this calculation, Defendant assumes that Plaintiff

6    worked five days per week of shifts sufficiently long to require both one meal and one rest break.

7    (Not. of Removal ¶¶ 14(b), (c).)  To substantiate this assumption, Defendant cites the Mitchell

8    Declaration at Paragraph 11, which states that "Plaintiff typically worked 5 days a week for

9    Veolia."  (Mitchell Decl. ¶ 11.)

10    Plaintiff disputes whether Defendant is entitled to assume that for each week Plaintiff

11    worked for Defendant, his five shifts were each long enough to require both a meal and a rest

12    break.  He argues that Defendant's assumed "100% violation rate" – thereby totaling five missed

13    meal and rest breaks per week – is unsupported by the allegations in his complaint and also

14    unsupported by the Mitchell Declaration itself.

15    In support of their positions, both Defendant and Plaintiff cite cases where courts either

16    have, or have not, applied a 100% violation rate to calculate the amount in controversy.  The state

17    of the law with respect to this question was ably summed up by Judge Chen in *Altamirano v. Shaw*

18    *Industries*, 2013 WL 2950600 (N.D. Cal. June 14, 2013) (comparing *Thomas v. Aetna Health of*

19    *California, Inc.*, 2011 WL 2173715 (E.D. Cal. June 2, 2011) (report and recommendation); *Muniz*

20    *v. Pilot Travel Centers LLC, Muniz*, 2007 WL 1302504 (E.D. Cal. May 1, 2007); *Navarro v.*

21    *Servisair, LLC*, 2008 WL 3842984 (N.D. Cal. Aug.14, 2008), with *Roth v. Comerica Bank,* 799

22    F.Supp.2d 1107, 1129 (C.D. Cal. 2010) (citing *Abrego*, 443 F.3d at 685).  Upon review of the case

23    law, Judge Chen concluded that:

24        Overall, with some exceptions, most of the cases conducting this analysis appear
25        to allow the defendant to assume a 100% violation rate only where such an
          assumption is supported directly by, or reasonably inferred from, the allegations
26        in the complaint.  *See Behrazfar v. Unisys Corp.,* 687 F.Supp.2d 999, 1004 (C.D.
          Cal. 2009) ("Since Defendant's calculations were relatively conservative, made in

27

28    [3] Critically, reducing Defendant's claimed amount in controversy by the $18,334 attributable to
      Defendant's overtime calculation drops the total amount in controversy to below $75,000.

good faith, and based on evidence wherever possible, the Court finds that Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.").  While this approach is not followed by all of the cases, it is more in line with guidance from the Ninth Circuit regarding the burden of proof and the presumption against removal.

*Altamirano*, 2013 WL 2950600, *7 (N.D. Cal. June 14, 2013).  Finding this conclusion and the underlying analysis well-reasoned, the Court evaluates Defendant's assumed violation rate based on the evidence submitted and the allegations in the complaint.

Upon viewing the evidence proffered by Defendant in conjunction with the facts alleged in Plaintiff's complaint, the Court finds that Defendant's assumption that Plaintiff worked shifts of a length sufficient to warrant both a meal and a rest break for each day he worked is unsupported. The paucity of averments in the Mitchell Declaration render it almost entirely unhelpful in analyzing the amount in controversy for Plaintiff's meal and rest break claims.  With respect to the meal and rest break claims, Mitchell avers only that "Plaintiff typically worked 5 days a week for Veolia" and reports Plaintiff's hourly wages.  (Mitchell Decl. ¶ 11.)  That, however, does not establish – indeed, it does not even support a reasonable inference – that Mitchell worked the required number of hours on each of those days to require both a meal and rest break.  Thus, Defendant's assumption that Plaintiff was due, and was wrongfully denied, one meal and one rest break per day, for a total of five each per week, finds no basis in the evidence Defendant has proffered.

Nor does Defendant find support for this assumption in the Complaint.  Plaintiff has alleged no facts to support Defendant's conclusion that he worked 5 shifts a week of sufficient length to require both a meal and a rest break; Defendant cites no such allegation.  The most that can be understood from Plaintiff's complaint is that "from time to time," Plaintiff "regularly" worked in excess of 8 hours in a work day and 40 hours in a work week.  (Compl. ¶¶ 9, 24.)  That, however, does not support Defendant's assumption that *every shift* was of the same maximal character.

Accordingly, the Court finds that Defendant has failed to meet its burden with respect to the amount in controversy for Plaintiff's meal and rest break claims.

United States District Court
Northern District of California

United States District Court
Northern District of California

### 3. Attorneys' Fees

Just as Defendant has failed to establish a valuation of Plaintiff's overtime and meal and rest break claims, so too has Defendant failed to provide a basis upon which this Court may assess attorneys' fees as part of the $75,000 threshold analysis.  Notably, Defendant has failed to provide any estimate of what such attorneys' fees might be, and the Court will not provide its own speculation.  Accordingly, Defendant's allusion to attorneys' fees cannot save its removal of this action.

#### CONCLUSION

The Court finds that Defendant has failed to carry its burden to show that the amount in controversy in this action exceeds $75,000 by a preponderance of the evidence and therefore cannot overcome the strong presumption in favor of remand.  Accordingly, the Clerk of Court is directed to **REMAND** this action to the Superior Court in the State of California for the County of Sonoma.

This terminates Docket Number 16.

**IT IS SO ORDERED**.

Date: **August 11, 2014**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**